UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Kendra Alling and Beatrice Alling, | : |
| Plaintiffs, | : Civil Action No.: 3:13-cv-00928 |
| v. | : |
| | : COMPLAINT |
| Frontline Asset Strategies, LLC; and DOES 1-10, inclusive, | : |
| | : July 1, 2013 |
| Defendants. | : |

For this Complaint, Plaintiffs, Kendra Alling and Beatrice Alling, by undersigned counsel, state as follows:

## JURISDICTION

1.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq.* ("CUTPA"), in their illegal efforts to collect a consumer debt.

2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.  Plaintiffs, Kendra Alling ("Kendra") and her mother Beatrice Alling ("Beatrice" and together with Kendra, the "Plaintiffs"), are adult individuals residing in Connecticut, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Frontline Asset Strategies, LLC ("Frontline"), is a Minnesota business entity with an address of 1935 West County Road B2, Suite 425, Roseville, Minnesota 55113, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Frontline and whose identities are currently unknown to Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Frontline at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. The Debt

8.     Kendra allegedly incurred a financial obligation in the approximate amount of $1,700.00 (the "Debt") to Capital One Bank, N.A. (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to Frontline for collection, or Frontline was employed by the Creditor to collect the Debt.

11.    Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. Frontline Engages in Harassment and Abusive Tactics

12.    In February of 2013, Frontline contacted Kendra's mother, Beatrice, in an attempt to locate Kendra. Frontline's representative told Beatrice that

2

Frontline was an "associate" of Kendra and needed to speak with her.

13. Beatrice informed Frontline that Kendra did not reside with her and could not be reached at that telephone number.

14. Despite knowing that Kendra did not reside with her mother, Frontline continued to place calls to Beatrice in its attempts to collect the Debt from Kendra.

15. In May 2013, Frontline contacted Kendra directly and requested she set up a payment plan regarding the Debt. Kendra offered to make monthly payments of $25.00.

16. Frontline accepted Kendra's offer, but added that she would have to increase the payment amount in several months. Defendants threatened to send Kendra's account to "the next level" if Kendra failed to increase payment amount.

17. Moreover, Defendants stated that they would note down in Kendra's file that Kendra refused to pay the Debt, although Kendra never said anything of such nature and was willing to work with Defendants.

C. <u>Plaintiffs Suffered Actual Damages</u>

18. Plaintiffs have suffered and continue to suffer actual damages as a result of Defendants' unlawful conduct.

19. As a direct consequence of Defendants' acts, practices and conduct, Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

20. Plaintiffs incorporate by reference all of the above paragraphs of this

Complaint as though fully stated herein.

21. Defendants' conduct violated 15 U.S.C. § 1692c(b) as to both Plaintiffs in that Defendants communicated and attempted to communicate with Beatrice without a permissible and in contravention of § 1692c(b).

22. Defendants' conduct violated 15 U.S.C. § 1692e as to both Plaintiffs in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

23. Defendants' conduct violated 15 U.S.C. § 1692e(10) as to both Plaintiffs in that Defendants employed false and deceptive means to collect a debt by claiming to be an "associate" of Kendra, when in fact the Defendant is not an "associate" of Kendra but is, at most, a counterparty in a dispute.

24. Defendants' conduct violated 15 U.S.C. § 1692f as to both Plaintiffs in that Defendants used unfair and unconscionable means to collect a debt.

25. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, *et seq.*

27. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendants are each individually a "person" as defined by Conn.

Gen. Stat. § 42-110a(3).

29. Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

30. Plaintiffs are entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiffs;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: July 1, 2013**

        **Respectfully submitted,**

        **By  _/s/ Sergei Lemberg_**

        **Sergei Lemberg, Esq.**
        **LEMBERG & ASSOCIATES L.L.C.**
        **1100 Summer Street, 3rd Floor**
        **Stamford, CT 06905**
        **Telephone: (203) 653-2250**
        **Facsimile:   (203) 653-3424**
        **Attorney for Plaintiffs**